## (December 23, 1959)

■ In the Matter of GENE HOWARD, an Attorney, Respondent.— On the court's own motion, the decision handed down December 21, 1959 (*ante*, p. 912) is amended to read as follows: Motion to confirm the report of the Official Referee granted to the extent of suspending respondent from the practice of the law for a period of one year. Motion to modify the report of the Official Referee and for other relief denied. As the distinguished Official Referee observed in his report, the charges against this respondent were proved mainly by his own testimony. Respondent showed commendable frankness and honesty and furnished to the Judicial Inquiry full and complete financial and office records, including his personal income tax returns. Such candor and co-operation are in bold contrast with the conduct of many other attorneys who have not only refused to answer questions relative to their professional activities, but have resorted to stratagems designed to hinder and impede the Judicial Inquiry. Under all the circumstances we deem a suspension of one year from the practice of law to be sufficient. Present — Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased.

■ In the Matter of LOUIS GRAYNOR, an Attorney, Respondent.— On the court's own motion, the decision handed down December 21, 1959 (*ante*, p. 912) is amended to read as follows: Motion to confirm the report of the Official Referee granted to the extent of suspending respondent from the practice of the law for a period of one year. Motion to modify the report of the Official Referee and for other relief denied. As the distinguished Official Referee observed in his report, the charges against this respondent were proved mainly by his own testimony. Respondent showed commendable frankness and honesty and furnished to the Judicial Inquiry full and complete financial and office records, including his personal income tax returns. Such candor and co-operation are in bold contrast with the conduct of many other attorneys who have not only refused to answer questions relative to their professional activities, but have resorted to stratagems designed to hinder and impede the Judicial Inquiry. Under all the circumstances we deem a suspension of one year from the practice of law to be sufficient. Present — Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ.; Murphy, J., deceased.

## (December 28, 1959)

■ OTTALINE E. HAREWOOD, Respondent, v. EUSTACE E. HAREWOOD, Appellant.— Motion to dismiss appeal granted, without costs, and appeal dismissed. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

■ In the Matter of EDWARD S. SILVER, as District Attorney of the County of Kings, Petitioner, against HENRY P. LUCAS, an Attorney, Respondent.— Motion to confirm the report of the Official Referee granted, respondent disbarred and his name ordered struck from the roll of attorneys. Present — Wenzel, Acting P. J., Beldock, Hallinan and Kleinfeld, JJ.; Murphy, J. deceased.

■ In the Matter of RICHARD SAXTON et al., Appellants, against FREDERICK B. HOSE, JR., as County Treasurer of Suffolk County, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

■ MARY KOWALSKI, Respondent, v. CITY OF POUGHKEEPSIE, Appellant, et al., Defendant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.